Opinión disidente emitida por la
Jueza Asociada Señora Fiol Matta.
La opinión que emite hoy el Tribunal establece una norma preocupante no solo para casos laborales sino para controversias de todo tipo.(1) Mediante una interpretación restrictiva sobre las formalidades que propone la Regla 36 de Procedimiento Civil, 32 LPRA Ap. V, para facilitar la consideración de una solicitud de sentencia sumaria, la opinión deja atrás el principio cardinal y firmemente esta-blecido en nuestro ordenamiento jurídico sobre el meca-nismo de sentencia sumaria: que esta se dicta tan solo cuando no existen hechos materiales en controversia.
La opinión del Tribunal promueve que se puedan resolver sumariamente casos en los que realmente hay contro-versia sobre hechos esenciales. Deja a discreción del juzga-dor de instancia admitir hechos refutados por la parte promovida, si esta no cumple con los elementos de forma, según interpretados por la mayoría, en el nuevo ordena-miento procesal civil. La postura mayoritaria parece no exigir que el tribunal de instancia aplique automática-mente los requisitos de forma, pero le permite a ese foro obviar discrecionalmente evidencia admisible contenida en el expediente, si las partes no hacen referencia expresa a ella. Esto contraviene el requisito, que también fija la nueva norma procesal, de que solo procede la disposición *450 sumaria cuando la ausencia de controversias de hechos materiales surge de todos los documentos.
No hay duda de que, sin el aval que hoy le brinda la opinión mayoritaria, este proceder constituiría un abuso de discreción que conllevaría su revocación por los foros apelativos. No obstante, con la bendición del Tribunal Supremo ya no se abusa de la discreción judicial cuando se dicta sentencia sumaria aunque la totalidad del expediente revele que el caso no lo amerita. Por eso, tiene razón el Juez Asociado Señor Estrella Martínez al expresar en su opinión disidente que la mayoría de este Tribunal le ha dado entrada “por la cocina” al automatismo en la aplica-ción de los requisitos de forma adoptados en la Regla 36.3(a)-(d) de Procedimiento Civil, 32 LPRAAp. V.
Reiteradamente, hemos resuelto que se puede dictar sen-tencia sumariamente, es decir, sin necesidad de celebrar una vista evidenciaría, cuando los documentos no controver-tidos revelan que no hay que dirimir disputas sobre los hechos.(2) Sin embargo, según la Opinión, si la parte que se opone a que se dicte sentencia sumaria no cumple con cier-tas formalidades al identificar los hechos que alega que es-tán en controversia, se pueden dar por admitidos, automá-ticamente, los hechos que el promovente indicó que no estaban en controversia aunque la parte opositora haya, en efecto, alegado y evidenciado que hay controversia sobre he-chos materiales. Tengo que disentir de esa interpretación.
I
Aunque la sentencia sumaria puede ser un recurso útil para aligerar la tramitación de un caso, su uso está limi-tado a casos en los que los tribunales estén totalmente con-vencidos de que un juicio plenario sería innecesario. Des- *451 pués de todo, el objetivo de proveer una solución más rápida y económica no puede ir por encima del fin primordial de los procesos judiciales: obtener una solución justa.(3) Por eso, este mecanismo solo puede utilizarse cuando su “promovente ha establecido su derecho con cla-ridad y ha quedado demostrado que el promovido no tiene derecho a recobrar bajo cualquier circunstancia que resulte discernible de la prueba”.(4)
Hemos establecido que, al analizar una solicitud de sen-tencia sumaria, los tribunales de instancia deben: (1) exa-minar estrictamente la petición y los documentos que la acompañan, junto a la moción en oposición y todos los do-cumentos que obran en el expediente del recurso, y (2) de-terminar si quien se opone a la sumaria controvirtió algún hecho material o hay alegaciones de la demanda que no fueron refutadas en la solicitud de sentencia sumaria. Antes de conceder este remedio discrecional, el tribunal tiene que asegurarse de que no existen hechos esenciales contro-vertidos, no hay alegaciones afirmativas del demandante sin refutar, no surgen controversias materiales de los do-cumentos presentados y la resolución sumaria procede como cuestión de derecho.(5)
Cuando algún hecho material y esencial está legítima-mente controvertido, no debe dictarse sentencia sumaria. La razón es evidente y la hemos reiterado en numerosas ocasiones: la obligación de proteger el derecho al “día en corte”, que es fundamental en nuestro sistema. Por eso, en la evaluación que hace el tribunal, cualquier duda sobre los hechos en controversia, por más leve que sea, debe re-solverse en contra de la parte que solicita la resolución sumaria, permitiendo que la parte que se opone tenga un *452 juicio en su fondo.(6) Además, a pesar de que se aconseja a la parte que se opone a la solicitud de sentencia sumaria que presente documentos que pongan en controversia los hechos alegados por el promovente, el que no se presente esa evidencia no implica necesariamente que debe dictarse sentencia sumaria.(7) Por el contrario, el juzgador siempre tiene que hacer un análisis cabal de todas las alegaciones y la evidencia del caso antes de determinar que procede re-solverlo por la vía sumaria.
La Regla 36.2 de Procedimiento Civil, supra, “tiene el propósito de aligerar la tramitación de los casos y facilitar la solución justa, rápida y económica de los litigios civiles que no presentan controversias genuinas sobre hechos materiales”.(8) Para ello, permite que una parte solicite al tribunal que dicte sentencia a su favor, mediante una moción en la cual “demuestre la inexistencia de una contro-versia sustancial de hechos esenciales y pertinentes”.(9)
En la revisión más reciente de las Reglas de Procedimiento Civil de Puerto Rico, se añadieron unas normas sobre el formato y el contenido que deben tener la solicitud de sentencia sumaria y la oposición a esta. Estas tienen como único objetivo facilitar la evaluación y adjudicación de las solicitudes de sentencia sumaria. Sobre la contestación a una moción de sentencia sumaria, que es lo que nos concierne en este recurso, la Regla 36.3 provee lo siguiente:
(b) La contestación a la moción de sentencia sumaria deberá ser presentada dentro del término de veinte (20) días de su notificación y deberá contener lo siguiente:
*453 (1) lo indicado en los subincisos (1), (2) y (3) del inciso (a) de esta regla;(10)
(2) una relación concisa y organizada, con una referencia a los párrafos enumerados por la parte promovente, de los hechos esenciales y pertinentes que están realmente y de buena fe controvertidos, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen los mismos, así como de cual-quier otro documento admisible en evidencia que se encuentre en el expediente del tribunal;
(3) una enumeración de los hechos que no están en con-troversia, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen los mismos, así como de cualquier otro documento admisible en evidencia que se encuentre en el ex-pediente del tribunal, y
(4) las razones por las cuales no debe ser dictada la sen-tencia, argumentando el derecho aplicable.
(c) Cuando se presente una moción de sentencia sumaria y se sostenga en la forma provista en esta Regla 36, la parte contraria no podrá descansar solamente en las aseveraciones o negaciones contenidas en sus alegaciones, sino que estará obli-gada a contestar en forma tan detallada y específica, como lo haya hecho la parte promovente. De no hacerlo así, se dictará la sentencia sumaria en su contra si procede.
(d) Toda relación de hechos expuesta en la moción de sen-tencia sumaria o en su contestación podrá considerarse admi-tida si se indican los párrafos o las páginas de las declaracio-nes juradas o de otra prueba admisible en evidencia donde ésta se establece, a menos que esté debidamente controvertida conforme lo dispone esta regla.
El tribunal no tendrá la obligación de considerar aquellos *454 hechos que no han sido específicamente enumerados y que no tienen una referencia a los párrafos o las páginas de las decla-raciones juradas u otra prueba admisible en evidencia donde se establecen. Tampoco tendrá la obligación de considerar cualquier parte de una declaración jurada o de otra prueba admisible en evidencia a la cual no se haya hecho referencia en una relación de hechos.
(e) La sentencia solicitada será dictada inmediatamente si las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas si las hay, u otra evidencia demuestran que no hay controversia real sustancial en cuanto a algún hecho esencial y pertinente y que como cuestión de derecho el tribunal debe dictar sentencia sumaria a favor de la parte promovente.
El tribunal podrá dictar sentencia sumaria de naturaleza interlocutoria para resolver cualquier controversia entre cua-lesquiera partes que sea separable de las controversias restantes. Dicha sentencia podrá dictarse a favor o en contra de cualquier parte en el pleito.
Si la parte contraria no presenta la contestación a la senten-cia sumaria en el término provisto en esta regla, se entenderá que la moción de sentencia sumaria queda sometida para la consideración del tribunal.(11)
El Comité Asesor Permanente de Reglas de Procedimiento Civil “entendió importante expresar en la regla los requisitos sobre el contenido de la solicitud de sentencia sumaria y su correspondiente contestación, porque ello fa-cilita el trámite de su consideración ante el tribunal. Proveer a los jueces con toda la información necesaria para que puedan realizar una determinación, en un mismo es-crito, facilita su labor y promueve que estos asuntos se resuelvan con mayor rapidez”.(12) Es evidente que esta norma tiene el único propósito de facilitar el trabajo de los jueces y las juezas.(13) No pretende afectar los derechos de *455 las partes cuando no se ciñan a las especificaciones de for-mato y contenido de la Regla 36.3(a) y (b), pues, antes de dictar sentencia sumaria, el tribunal siempre analizará la totalidad del expediente para asegurarse de que no existen controversias de hechos materiales y de que la decisión solicitada procede en derecho. Así lo dispone nuestra juris-prudencia sobre el mecanismo de sentencia sumaria y lo establece la Regla 36.3(c) al aclarar que, cuando la oposi-ción a la petición de sentencia sumaria no sea tan deta-llada y específica como su solicitud, se dictará la sentencia sumaria si procede.
Asimismo, teniendo en mente que la concesión de un dictamen sumario es discrecional, la Regla 36.3(d) le da la potestad al juzgador de considerar admitidas las relaciones de hechos sustentadas con documentos que no hayan sido controvertidas. También, le brinda la opción de descartar hechos que no están apoyados por prueba identificada. No obstante, el tribunal no tiene la obligación de admitirlos o descartarlos, sino la alternativa de hacerlo; su determina-ción dependerá de la evaluación del expediente del caso a la luz del fin de la sentencia sumaria de proveer una solu-ción rápida cuando no existen controversias de hechos y solo resta aplicar el derecho. La regla reconoce, de esta manera, el ejercicio de la función adjudicativa. El tribunal, incluso, tiene la potestad de denegar la solicitud de senten-cia sumaria o posponer su consideración para concederle oportunidad a la parte contra quien se presenta la moción para hacer un descubrimiento de prueba adecuado, que le permita conseguir evidencia o tomar declaraciones para preparar su oposición.(14)
*456 Más aún, el efecto de no contestar una petición de sen-tencia sumaria es que la solicitud queda sometida para la consideración del tribunal. No se concede automáticamente la petición ni quedan admitidos los hechos propuestos y no rebatidos, sino que se analiza toda la prueba que obra en el expediente.(15) En su informe, el Comité destacó que “el que la parte promovida no presente prueba que controvierta la presentada por el promovente no garantiza que proceda dic-tarse sentencia sumaria. Esto se justifica porque en aque-llos casos en que no exista una clara certeza sobre los hechos importantes y pertinentes de la controversia, no procede una sentencia sumaria”. Resulta ilógico que el resultado de oponerse a la moción de la parte contraria, sin ceñirse al formato sugerido, sea más perjudicial que el de no oponerse.
Todo esto demuestra que, contrario a lo que sugiere la opinión del Tribunal, las enmiendas a nuestro ordena-miento procesal no alteraron el principio de que una sen-tencia sumaria no procede cuando existen dudas sobre la existencia de hechos esenciales en controversia, irrespecti-vamente de cómo se expongan los hechos.
Sin embargo, la opinión, contra toda lógica, convierte las especificaciones sobre la forma de la oposición a la sentencia sumaria en el requisito esencial que tiene que observar el tribunal para admitir hechos como no controvertidos y resolver sumariamente. Así, establece que, si no se cumple con todas las formalidades de la Regla 36.3(b), se podrá enten-der que no se rebatieron los hechos presentados por el pro-movente y estos se podrán dar por admitidos, aunque el promovido haya identificado hechos para controvertir los que indicó el promovente, pues, al no exponerse del modo que dispone la regla, estos se podrán tener por no puestos.
A. Acorde a esta nueva doctrina, la opinión resuelve que los hechos enumerados por J.F. Montalvo no están en controversia porque el señor José Zapata no los refutó uno *457 por uno, a pesar de que el señor Zapata incluyó en su opo-sición una lista de los hechos materiales que entiende que están en controversia y acompañó cada uno con la identifi-cación de la prueba que los sostiene. O sea, si el señor Zapata hubiera hecho una enumeración de doce puntos y en estos hubiese incluido los cinco hechos que identificó como controvertidos, habrían hechos en controversia, pero, como los incluyó con una enumeración independiente, se entiende que no los refutó. Esta interpretación, además de ser suma-mente restrictiva contra la parte que se opone a la sentencia sumaria, inserta en nuestro sistema un formalismo anacrónico. En fin, alienta a los foros de instancia a resolver los casos dejándose llevar por cuestiones de forma en lugar de resolverlos por el contenido de las mociones. En esta época, ello no tiene cabida en un tribunal de justicia.
En este caso, el señor Zapata incluyó en su oposición toda la información que requiere la Regla 36.3(b), supra. En la sección de introducción, expuso brevemente las ale-gaciones de las partes, los asuntos litigiosos y la reclama-ción sobre la cual se estaba solicitando una sentencia su-maria, además del trámite procesal del caso. En la sección de hechos materiales que están en controversia, enumeró cinco hechos; cuatro de ellos indicaban las líneas de su de-posición tomada por J.F. Montalvo en las que se encon-traba lo expuesto y uno se apoyaba con una declaración jurada que anejó. Aunque no especificó a qué hecho de la lista de la parte promovente correspondía cada uno de los suyos, los hechos identificados referían a los que había pre-sentado J.F. Montalvo en su moción. El hecho en controver-sia Núm. 1 del señor Zapata es que su despido fue injusti-ficado según la Ley 80, lo que corresponde al hecho no controvertido Núm. 2 de J.F. Montalvo, que señala que una reorganización de la compañía fue la justa causa para el despido, una de las razones que identifica la Ley 80 para justificar los despidos. Los hechos en controversia Núms. 2 y 3 del señor Zapata sobre la entrega de bonos de produc- *458 tividad y los ingresos de la empresa corresponden a los hechos no controvertidos Núms. 9,10 y 11 de J.F. Montalvo sobre la reducción de ingresos en el negocio. Asimismo, los hechos en controversia Núms. 4 y 5 del señor Zapata sobre la contratación de otros empleados luego de su despido para realizar sus funciones refieren al hecho no controver-tido Núms. 12 de J.F. Montalvo respecto a que no se había contratado a otra persona para llevar a cabo las funciones del señor Zapata. Por otro lado, en la sección de hechos materiales que no están en controversia de la moción en oposición a la solicitud de sentencia sumaria, el señor Zapata incluyó los hechos no controvertidos Núms. 1 y Núms. 6 propuestos por J.F. Montalvo sobre el tiempo que llevaba en el empleo y el puesto que ocupaba y añadió otro hecho sobre el salario que devengaba cuando fue despedido. En la última sección, el opositor discutió extensamente el dere-cho aplicable a base del cual entendía que no se debía dic-tar sentencia sumaria en su caso.(16)
El contenido de la moción en oposición era adecuado para que un tribunal pudiera hacer su evaluación sobre si procedía resolver el caso por la vía sumaria o no. De hecho, la jueza del tribunal de instancia que atendió el caso de-claró “sin lugar” la solicitud de sentencia sumaria luego de evaluar la petición y la moción en oposición, porque existía controversia sobre la razón del despido.(17) Sin embargo, luego de que J.F. Montalvo presentara una moción en la cual indicó que el foro de instancia no cumplió con su deber de determinar qué hechos no estaban en controversia y cuáles estaban controvertidos de buena fe en su decisión de denegar la resolución sumaria,(18) la jueza reconsideró su *459 dictamen y emitió otra resolución en la cual declaró que la sentencia sumaria y la desestimación de la reclamación procedían, por lo que le solicitaba a J.F. Montalvo un pro-yecto de sentencia.(19) La sentencia del Tribunal de Primera Instancia recoge los argumentos de J.F. Montalvo en cuanto a que no existe controversia sobre los hechos esenciales, pues se presumen ciertos los hechos presentados por el demandado que no fueron controvertidos por el señor Zapata, ya que este no cumplió con los requisitos de la Regla 36.3, supra.(20) El Tribunal de Apelaciones corrigió ese error al determinar que no procedía la sentencia sumaria porque las alegaciones de J.F. Montalvo quedaron controvertidas y este tenía que presentar prueba sobre su situación económica precaria y las funciones de los empleados contratados posteriormente.(21) No obstante, *460 este Tribunal revoca al foro apelativo al concluir que el tribunal de instancia tenía discreción para disponer sumaria-mente del caso, por meros formalismos, aun cuando origi-nalmente entendió que había controversia sobre la naturaleza del despido.
No es correcta la conclusión de la opinión del Tribunal. La Regla 36.3, supra, no dispone que los hechos propuestos en la solicitud de sentencia sumaria que no se discutan en la oposición con referencia específica a su enumeración se po-drán entender admitidos si, a discreción del juzgador, no se toma en consideración otra prueba o referencia que lo refute. Y es que una formalidad procesal no puede ir por encima del principio básico de la sentencia sumaria; si hay hechos materiales en controversia, no procede la decisión sumaria. Esta determinación la tiene que hacer el juez o la jueza al evaluar el expediente del caso, no utilizando una fórmula enfocada en los requisitos de forma. La norma que establece la opinión es contraria a la propia Regla 36 de Procedimiento Civil, supra. Leída de manera integral, la Re-gla revela claramente que el cumplimiento con unas forma-lidades, diseñadas para facilitar al tribunal el estudio del caso, no exime al juzgador del deber de estudiar la totalidad del expediente para asegurase de que no existen controver-sias sustanciales.
B. Examinemos si en este caso hay hechos esenciales en controversia. Los peticionarios alegaron que no estaba en controversia si se había contratado a alguien nuevo para realizar las funciones del señor Zapata porque este dijo en su deposición que no sabía si habían contratado a otra persona para el puesto de coordinador y ayudante del presi-dente que él ocupaba y la señora Migdalia Peña, directora de Recursos Humanos, dijo en una declaración jurada que no habían contratado a otra persona para realizar las fun- *461 dones del señor Zapata en el puesto que él ocupaba.(22) En primer lugar, advertimos que “no sé” no necesariamente es una respuesta lo suficientemente clara como para tomarla como una aseveración que fundamente una determinación de hecho. En segundo lugar, las declaraciones no se referían exactamente a los mismos términos; una persona puede ser reemplazada por otra que cumple con las mismas funciones del cesanteado, pero ocupando un puesto con otro nombre. En tercer lugar, el hecho supuestamente incontrovertido de que no se reemplazó al señor Zapata con un nuevo empleado se puso en duda cuando este expresó que sus deberes se le habían asignado al Sr. Luis Arroyo, el nuevo contralor de la empresa.(23) Esta aseveración se hizo en la misma deposición de la cual los peticionarios subrayan que el señor Zapata dijo que no sabía específicamente si habían contratado a alguien para su puesto luego de su despido.(24)
P Pues ahora le voy a hacer una pregunta en específico. ¿En qué hechos usted se basa para alegar que su despido fue in-justificado? Hechos.
R Fue injustificado, primero, porque estaban cogiendo empleados.
P ¿Qué empleados cogieron?
P Dígame a quién más cogieron, según usted.
*462 R Cogieron un nuevo contralor, un nuevo contralor que se llama Luis Arroyo, Luis Arroyo Algorri.
P Esos son todos, ¿verdad?
R Sí, esos son todos.
P Esos tres cogieron. Pero le pregunto si cogieron, luego de que usted se fue de ahí, si han cogido a alguien para la posición de Coordinador y Ayudante del Presidente. ¿Verdad que no?
R Cogieron al Sr. Luis Arroyo para sustituirme a mí.
P Contralor. El Sr. Luis Arroyo es contralor. Le pregunto si como Coordinador y [...]
R No puede ser contralor porque había una contralora y la botaron.
P Por eso, cogieron un contralor, pero él no es ayudante del presidente. La pregunta mía es si usted sabe, propio y personal conocimiento, si usted sabe de propio y personal conoci-miento, acuérdese que usted está aquí bajo juramento, que se escogió a un Coordinador y Ayudante del Presidente. ¿Sí o no?
R No, no sé, no lo sé.(25)
La contratación de una persona para realizar las funcio-nes que tenía asignadas quien fue despedido es esencial en un caso de despido injustificado en el que se alega que el despido se debió a que la empresa, en su reorganización para paliar problemas económicos, decidió que no necesitaba a una persona para realizar esas funciones. La opi-nión expone que redistribuir las funciones de un empleado que se despidió por razones económicas entre los emplea-dos restantes no equivale a una sustitución en el empleo.(26) No obstante, en este caso no se trata de que se redistribuyeron las labores sino de que se contrató a una persona nueva para realizar las tareas del cesanteado.
En la moción en oposición a la solicitud de sentencia sumaria se resaltó este hecho y, aun cuando nada se hu-biera dicho, aparecía en la deposición que constaba en el expediente del caso. Por esto, no procedía la sentencia sumaria. Era necesario que se presentara prueba sobre cuáles eran las funciones que llevaba a cabo el señor Za *463 pata en su posición de coordinador y ayudante del presi-dente y cuáles son las funciones asignadas al señor Arroyo en su puesto de contralor.
Además, al evaluar la solicitud de sentencia sumaria, el tribunal no puede dirimir asuntos de credibilidad relacio-nados con hechos esenciales.(27) Para ello es necesario un juicio plenario. La opinión menciona que el hecho pro-puesto que está admitiendo, referente a que el señor Zapata no fue reemplazado por un nuevo empleado, está apoyado por la declaración jurada de la directora de Recursos Humanos, señora Peña.(28) Se trata de dos declaraciones en controversia, la de la señora Peña y la del señor Zapata, y habría que dirimir credibilidad o evaluar las declaraciones en contraste con el resto de la prueba, especialmente aque-lla sobre las funciones del señor Zapata y del señor Arroyo. Por eso, si la razón para favorecer al demandado es que la declaración jurada de la señora Peña merece mayor credi-bilidad que las expresiones del señor Zapata en su deposi-ción y su declaración jurada, tampoco puede resolverse el caso mediante sentencia sumaria.
La opinión del Tribunal reconoce que el hecho de que el señor Arroyo estuviera realizando las funciones del señor Zapata pondría en controversia el hecho propuesto de que no se contrató a otra persona para reemplazarlo y, por ende, la justificación del despido. Sin embargo, se niega a considerar la alegación del señor Zapata porque no cumple con las formalidades de la Regla 36.3. Señala la Opinión:
Notamos que, aunque la relación de hechos propuesta por el señor Zapata bajo el renglón 5, resulta directamente contraria a la formulación 12 según sometida por J.F. Montalvo en su Solicitud de Sentencia Sumaria, esta última no fue controvertida acatando el procedimiento exigido por la Regla 36.3 de *464 Procedimiento Civil de 2009, supra, ya que, en su contesta-ción, el recurrido no hizo referencia expresa al número especí-fico del párrafo que intentaba rebatir. En vista de ello, el tribunal primario no estaba obligado a considerar los hechos planteados por el recurrido bajo el inciso (5).(29)
Por lo tanto, damos por admitido lo consignado en el párrafo número doce de los hechos materiales que no están en contro-versia según propuestos por la parte peticionaria, a los efectos de que no se contrató a otra persona para realizar las labores del señor Zapata en su puesto como coordinador y ayudante del Presidente.(30)
Este razonamiento sobre la admisión discrecional y au-tomática de hechos propuestos que no fueron rebatidos cumpliendo con las formalidades de la Regla 36.3 me pa-rece totalmente desacertado. Es simplemente incomprensi-ble que se reconozca que existen hechos materiales en con-troversia y, aun así, se determine que procede dictar una sentencia sumaria.
II
Por otro lado, la Opinión incorpora innecesariamente a nuestra jurisprudencia la doctrina federal del sham affidavit, que dispone que una parte no puede presentar una declaración jurada para contradecir un testimonio suyo anterior, si lo hace con el único propósito de evitar que se dicte sentencia sumaria en su contra y sin explicar el por-qué de la contradicción.(31)
En primer lugar, nada nos obliga a adoptar una norma procesal federal y aplicarle sus reglas a una parte que des-conocía que se aplicaría. Además, nuestras reglas proveen para que se sancione a la parte que presente declaraciones juradas de mala fe o únicamente con propósitos dila-torios. *465 (32) Esto sirve como disuasivo para evitar lo que en el foro federal llaman sham affidavit.
En segundo lugar y como señala la opinión, la aplicación de la sham affidavit doctrine se excluye por distintas razones. La doctrina debe utilizarse, con prudencia, sola-mente cuando: (1) en la declaración inicial se dieron res-puestas inequívocas a preguntas claras, precisas y libres de ambigüedad; (2) la incompatibilidad entre los dos testimonios es evidente y no se refiere a hechos de poca transcendencia, a errores de buena fe o a evidencia descubierta posteriormente, y (3) no se provee una explicación para la contradicción aparente.(33) En este caso, la respuesta del señor Zapata en la deposición que se alega que está en contradicción con su declaración jurada no fue inequívoca. Tampoco es manifiesta la supuesta inconsistencia entre ésta y la alegación posterior de que se entregaron bonos de productividad. Además, esta puede haberse debido a que el señor Zapata olvidó brindar ese dato,(34) no contaba con toda la información o no la había confirmado al momento de la deposición. Esto último no fue explicado en la moción de oposición, pero el señor Zapata no estaba obligado a hacerlo porque nuestras Reglas de Procedimiento Civil no lo requieren.
Al evaluar la transcripción, se puede concluir que la co-municación sobre este punto fue muy ambigua.(35) Por ello, aun si se aplicara la doctrina del “sham affidavit” en *466 Puerto Rico, no se debe tomar lo declarado como una res-puesta inequívoca, según lo requiere la norma federal. Además, vale recordar que las dudas que crean estas de-claraciones, según establece nuestra normativa, deben re-solverse a favor de la parte contra quien se presenta la solicitud de sentencia sumaria.(36)
A. Referente al contenido de la declaración jurada del señor Zapata Berríos, no dudo que en ocasiones otorgar bonos de productividad en una empresa que sufrió una re-organización esté justificado y no sea relevante para deter-minar si un despido fue caprichoso, pero, si se alega que es un hecho esencial para la controversia y el tribunal de ins-tancia entiende que es así, se tiene que evaluar prueba para poder determinarlo. No es posible que establezcamos que en todo caso estos bonos se otorgan porque se quiere incentivar la labor de las personas que continúan traba-jando en el negocio tras las cesantías o porque la empresa estaba obligada por un contrato de empleo. En el caso ante nuestra consideración, está en controversia si la empresa sufrió una disminución en el volumen de ventas que afectó las ganancias y obligó a despedir empleados y empleadas. Este hecho está relacionado con la alegación de que se pa-garon bonos de productividad.
A. Además, sobre las ganancias de la empresa, la opi-nión señala que el ingreso neto de J.F. Montalvo se redujo en un 76% para los periodos de 2008 y 2009; que el señor Zapata tenía acceso a los estados financieros y que este admitió que la empresa estaba reflejando una reducción en el volumen del negocio para la fecha de su despido, en diciembre de 2010. Estos datos corresponden a los hechos no controvertidos Núms. 8, 9 y 11 propuestos por J.F Mon-talvo en su solicitud de sentencia sumaria. A base de esto, *467 concluye que hubo una reducción significativa en el volu-men de ventas o de negocio que no fue controvertida.(37)
Sin embargo, es menester aclarar que el señor Zapata declaró que solo tenía acceso a los estados financieros pre-parados por la empresa y no a los certificados que fueron sometidos como evidencia, y esto en algunas ocasiones.(38) También indicó que en los estados financieros que vio de 2008 y de 2009 no se reflejaban pérdidas y que nunca vio los de 2010, pero que las estadísticas preliminares de 2010 mostraban una disminución en ventas, por lo que había recomendado eliminar tiendas y analizar la cuenta de administración.(39) Debe notarse que el informe de audito-ría presentado por J.F. Montalvo cubre periodos hasta mayo de 2009. La parte peticionaria no presentó evidencia sobre sus estados financieros, ingresos, ganancias o pérdi-das en el 2010, año cuando despidió al señor Zapata.
Por ello, no procedía descartar la declaración jurada del señor Zapata por ser supuestamente contradictoria res-pecto a su deposición. Era necesario presentar prueba so-bre las ganancias del negocio y cómo la reducción en el volumen de ventas provocó el despido de empleados, pero no afectó la otorgación de bonos.
III
En fin, la sentencia sumaria es un mecanismo útil para resolver casos en los que no existen hechos en controversia, proveyendo así un remedio a las partes de manera más rápida y económica. No obstante, no es una herramienta que se puede utilizar en cualquier caso, violando el derecho de las partes a tener su “día en corte” y recibir una decisión bien ponderada y justa.
*468 La norma que establece hoy el Tribunal desvirtúa la naturaleza del mecanismo de sentencia sumaria. Este Tribunal no debió revocar al foro apelativo. La determinación original del Tribunal de Primera Instancia, avalada por el Tribunal de Apelaciones, era la correcta: habiendo hechos en controversia, no procede dictar sentencia sumaria.

 Los hechos del caso están resumidos en la opinión del Tribunal, por lo que no los expondremos nuevamente.

 Reglas 36.1 y 36.2 de Procedimiento Civil, 32 LPRA Ap. V; Const. José Carro v. Mun. Dorado, 186 DPR 113, 128 (2012); Neca Mortgage Corp. v. A & W Dev. S.E., 137 DPR 860, 869 (1995).

 PFZ Props., Inc. v. Gen. Acc. Ins. Co., 136 DPR 881, 912 (1994).

 Rivera Rodríguez v. Rivera Reyes, 168 DPR 193, 211 (2006).

 Piovanetti v. S.L.G. Touma, S.L.G. Tirado, 178 DPR 745, 775 (2010); Vera v. Dr. Bravo, 161 DPR 308, 333-334 (2004).

 Bonilla Medina v. P.N.P., 140 DPR 294, 304 (1996); Col. Ing. Agrim. P.R. v. A.A.A., 131 DPR 735, 781 (1992).

 González Aristud v. Hosp. Pavía, 168 DPR 127, 138 (2006); Luan Invest. Corp. v. Rexach Const. Co., 152 DPR 652, 666 (2000); Cuadrado Luego v. Santiago Rodríguez, 126 DPR 272, 281 (1990).

 Secretariado de la Conferencia Judicial y Notarial del Tribunal Supremo de Puerto Rico, Informe de Reglas de Procedimiento Civil, marzo de 2008, pág. 396 (Informe).

 Regla 36.2 de Procedimiento Civil, 32 LPRA Ap. V.

 La Regla 36.3(a) de Procedimiento Civil, 32 LPRA Ap. V, dispone:
“(a) La moción de sentencia sumaria será notificada a la parte contraria y de-berá contener lo siguiente:
(1) una exposición breve de las alegaciones de las partes;
(2) los asuntos litigiosos o en controversia;
(3) la causa de acción, reclamación o parte respecto a la cual es solicitada la sentencia sumaria;
(4) una relación concisa y organizada en párrafos enumerados, de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen los mismos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal;
(5) las razones por las cuales debe ser dictada la sentencia, argumentando el derecho aplicable, y
(6) el remedio que debe ser concedido”.

 Regla 36.3 de Procedimiento Civil, 32 LPRA Ap. V.

 (Énfasis suplido). Informe, supra, pág. 403.

 J.A. Cuevas Segarra, Tratado de derecho procesal civil, 2da ed., Pubs. JTS, 2011, T. III, pág. 1054; F. Hernández Denton, En ocasión de la presentación de las Nuevas Reglas de Procedimiento Civil en la Academia Judicial Puertorriqueña, San Juan, 28 de enero de 2010, pág. 18, enhttp://www.ramajudicial.pr/sistema/supremo/ acrobat/Mensaje-presentacion -nuevas-reglas-proc-eivil-en-la-academia-judicial_28-enero-2010_.pdf.

 "Si de jas declaraciones juradas de la parte que se oponga a la moción resulta que ésta no puede, por las razones allí expuestas, presentar mediante decla-raciones juradas hechos esenciales para justificar su oposición, el tribunal podrá denegar la solicitud de sentencia o posponer su consideración, concediéndole a la parte promovida un término razonable para que pueda obtener declaraciones jura-das, tomar deposiciones, conseguir que la otra parte le facilite cierta evidencia o dictar cualquier otra orden que sea justa”. Regla 36.6 de Procedimiento Civil, 32 LPRAAp. V.

 Regla 36.3(e) de Procedimiento Civil, 32 LPRA Ap. V.

 Solicitud de Sentencia Sumaria de 15 de marzo de 2011, Apéndice del certiorari, págs. 6-21; Oposición a solicitud de sentencia sumaria de 19 de abril de 2011, Apéndice del certiorari, págs. 62-70.

 Orden del Tribunal de Primera Instancia, DPE 2010-1335, 2 de mayo de 2011, Apéndice del certiorari, págs. 79-80.

 Moción de Reconsideración de J.F. Montalvo, págs. 3-8, Apéndice del certio-rari, págs. 102-107. Si se deniega una solicitud de sentencia sumaria y es necesario *459 celebrar juicio, “será obligatorio que el tribunal resuelva la moción mediante una determinación de los hechos esenciales y pertinentes sobre los cuales no hay contro-versia sustancial y los hechos esenciales y pertinentes que están realmente y de buena fe controvertidos, y hasta qué extremo la cuantía de los daños u otra repara-ción no está en controversia, ordenando los procedimientos ulteriores que sean justos en el pleito, incluso una vista evidenciaría limitada a los asuntos en controversia”. Así se adelanta el trabajo respecto a los hechos sobre los que no es necesario presen-tar prueba. Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V.

 Orden del Tribunal de Primera Instancia, DPE 2010-1335, 11 de mayo de 2011, Apéndice del certiorari, págs. 147-148.

 Sentencia del Tribunal de Primera Instancia, DPE 2010-1335, 24 de mayo de 2011, Apéndice del certiorari, págs. 156-177. La Opinión del Tribunal, pág. 438, señala que el foro primario examinó los cinco hechos propuestos por el señor Zapata y concluyó que estos no impedían que se dictara sentencia sumaria. No obstante, el examen del tribunal de instancia se limitó a señalar que se descartaba el hecho sobre los bonos de productividad mediante la doctrina del sham, affidavit y que se descar-taban los hechos sobre los ingresos de la empresa y la contratación de un nuevo empleado para realizar las tareas del señor Zapata, porque ya se había determinado, a base de los hechos presentados por J.F. Montalvo y admitidos por no haber sido controvertidos de la forma correcta, que el señor Zapata sabía que había habido una reducción en el volumen de ventas y desconocía si habían contratado a alguien para ocupar su puesto. Sentencia del Tribunal de Primera Instancia, págs. 10-15; Apén-dice del certiorari, págs. 167-172. Por lo tanto, el examen del foro primario es similar al de la opinión del Tribunal; aunque desglosa los hechos expuestos por el señor Zapata para estudiarlos de manera independiente, su análisis se ve limitado por su interpretación restrictiva de la Regla 36.3, supra, que permite al tribunal discrecio-nalmente dar por admitidos los hechos propuestos por J.F. Montalvo habiendo con-troversias de hechos.

 Sentencia del Tribunal de Apelaciones, KLAN201100885, 29 de noviembre de 2011, págs. 12-14; Apéndice del Certiorari, págs. 231-233.

 Este es el hecho no controvertido Núm. 12 de la Solicitud de Sentencia Sumaria: “El querellante no tiene conocimiento si en J.F. Montalvo han contratado a alguien para ocupar su posición de Coordinador y Ayudante del Presidente. A tales efectos, es menester mencionar que Migdalia Peña, Directora del Departamento de Recursos Humanos de la Compañía, declaró bajo juramento que al día de hoy en J.F. Montalvo no se ha contratado a nadie para realizar las funciones que ejercía el querellante en su posición de Coordinador y Ayudante del Presidente. Exhibit 1; Deposición de José J. Zapata Berríos a la pág. 16. Exhibit 2; Declaración jurada de Migdalia Peña”.

 líneas anteriores de la deposición se discutía que el señor Zapata tenía acceso a algunos estados financieros de la empresa. Deposición del señor Zapata, págs. 10-12, Apéndice del Certiorari, págs. 31-33.

 Este es el hecho en controversia Núm. 5 de la Oposición a solicitud de sentencia sumaria: “J.F. Montalvo contrató los servicios del Sr. Luis Arroyo Algorri para que realizara las funciones que ejercía el Sr. Zapata. Véase transcripción de la Deposición, página 16, línea[s] 1 ala 25”.

 (Énfasis suplido). Deposición del señor Zapata, págs. 15-16, Apéndice del Certiorari, págs. 36-37.

 Opinión del Tribunal, pág. 446 esc. 12.

 Abrams Rivera v. ELA, 178 DPR 914, 932-934, 942-943 (2010); Nieves Díaz v. González Massas, 178 DPR 820, 848-850 (2010); Carpets & Rugs v. Tropical Reps, 175 DPR 614, 638 (2009); Piñero v. A.A.A., 146 DPR 890, 904 (1998); Cuevas Segarra, op. cit., págs. 1069-1070.

 Opinión del Tribunal, pág. 445.

 (Énfasis suplido). íd., pág. 445 esc. 11.

 (Énfasis suplido). íd., págs. 445-446.

 Véase Cleveland v. Policy Management Systems Corp., 526 US 795, 806-807 (1999).

 "Si se prueba a satisfacción del tribunal que cualquiera de las declaraciones juradas ha sido presentada de mala fe, o solamente con propósitos dilatorios, el tribunal ordenará inmediatamente a la parte responsable pagar a la otra parte el importe de los gastos razonables en que ésta incurrió como resultado de la presen-tación de dichas declaraciones juradas, incluyendo honorarios de abogado razonables. Cualquier parte o abogado o abogada que así proceda podrá condenársele por desacato, además de cualquier otra medida o sanción dispuesta en estas reglas”. Regla 36.7 de Procedimiento Civil, 32 LPRA Ap. V.

 Opinión del Tribunal, págs. 440-442.

 En varias ocasiones en la deposición, este señala que no recuerda informa-ción específica y la busca en sus notas. Véase Deposición del señor Zapata, págs. 8-9 y 15; Apéndice del Certiorari, págs. 29-30 y 36.

 Véase Deposición del señor Zapata, pág. 20; Apéndice del Certiorari, pág. 41.

 Bonilla Medina v. P.N.P., supra.

 Opinión del Tribunal, págs. 444-445.

 Deposición del señor Zapata, págs. 10-11; Apéndice del Certiorari, págs. 31-32.

 Deposición del señor Zapata, págs. 10-12; Apéndice del Certiorari, págs. 31-33.